UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-22863-CIV-SEITZ/O'SULLIVAN

MELISSA PHILIPIAN, and WHITE TIDES
ENTERTAINMENT GROUP, INC.,

    Plaintiffs,

v.

DWAYNE CARTER, A/K/A LIL' WAYNE *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

THIS MATTER is before the Court on Defendant Dwayne Carter a/k/a Lil' Wayne ("Carter") Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 16]. Plaintiffs Melissa Philipian and White Tides Entertainment Group, Inc. ("Plaintiffs") brought this action *pro se* alleging various state law causes of action against Carter and others, as well as seeking a declaratory judgment to void a settlement agreement and stipulation of dismissal. Plaintiffs invoked the Court's federal question jurisdiction by stating they are bring "an action for Declaratory Relief under 28 U.S.C. § 2201." [DE 1]. Carter moves to dismiss the Complaint because the Declaratory Judgment Act does not confer federal question jurisdiction and the requirements for diversity jurisdiction are not met here. In their response, Plaintiffs, who now are represented by counsel, agree that dismissal of their claims without prejudice for lack of subject matter jurisdiction is the appropriate course. [DE 17]. Because the Court lacks subject matter jurisdiction, the Court will dismiss this case.

It is well-established that the Declaratory Judgment Act does not confer subject matter jurisdiction upon federal courts in an action for which there otherwise would not be jurisdiction. *See e.g. Weitzman v. Microcomputer Resources, Inc.*, 542 F.3d 859, 861-62 (11th Cir. 2008); *Federal Election Comm'n v. Reform Party of United States*, 479 F.3d 1302, 1307 n.5 (11th Cir. 2007). Here,

Plaintiffs have not alleged any federal question as a basis for the Court's subject matter jurisdiction. Nor can Plaintiffs allege the existence of diversity jurisdiction because there is not complete diversity of citizenship because Plaintiffs are Florida residents and at least seven (7) Defendants are Florida citizens. Since Plaintiff has failed to allege facts sufficient to establish a basis for subject matter jurisdiction that is independent of the Declaratory Judgment Act, this case must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Therefore, it is

ORDERED that

(1) Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 16] is GRANTED.

(2) All pending motions not otherwise ruled upon are DENIED AS MOOT.

(3) This case is CLOSED

DONE and ORDERED in Miami, Florida, this 28th day of February, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record